IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PNC BANK, N.A., a National Association,
as successor in interest to National City Bank,

    Plaintiff,

vs.

BELINDA L. SMITH, in personam; JACOB WINDING, in personam; B & B DREAMIN', Hull No. GMKD283C505 (the "Vessel"), its engines, machinery, appurtenances, etc., in rem;

    Defendants.

No. CIV S-10-1916 JAM EFB

ORDER

This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1) for hearing on plaintiff's motion for default judgment against defendants Belinda Smith and Jacob Winding. Dckt. No. 30. A hearing was held on the motion on December 21, 2011; however, all parties failed to appear.[1] For the reasons stated

---

[1] After the hearing, plaintiff's counsel's law firm sent an email to the undersigned's staff indicating that plaintiff's counsel missed the hearing due to a family emergency and apologizing for the missed appearance. Although the court would ordinarily issue an order requiring attorneys and/or parties who failed to appear at a hearing to show cause why they should not be sanctioned for that failure, in light of that email, and because oral argument was not necessary for the court to resolve the motion, the court declines to do so in this instance. Nonetheless, the parties and counsel are warned that any future failure(s) to appear may result in the imposition of

1

herein, the motion for default judgment will be denied, and the Clerk of Court's entry of default as to defendants Belinda Smith and Jacob Winding will be set aside.

BACKGROUND

On July 20, 2010, plaintiff filed a verified complaint in rem and in personam for foreclosure of a vessel owned by defendant owner Belinda Smith. Compl., Dckt. No. 1. The complaint alleges that Smith signed a fixed rate promissory note with plaintiff's predecessor National City Bank for $336,653.58 on July 12, 2005, who then granted Smith a preferred ship mortgage. The complaint further alleges that Smith then "allegedly executed" a promissory note in the amount of $110,000 with defendant lienholder Jacob Winding. According to the complaint, Smith defaulted under the promissory note and mortgage by failing to make the monthly payment due on 8/10/08 and all payment accruing thereafter. Plaintiff contends that it is owed $288,648.57, plus interest, costs, and attorney's fees. Plaintiff repossessed the vessel in June 2009. In March 2011, the court issued an order authorizing the United States Marshal to seize the vessel and to surrender its possession to National Maritime Services, which was appointed as substitute custodian of the vessel. Dckt. No. 19.

On May 25, 2011, plaintiff filed a motion for service by publication, contending that it was the most likely method of service that would give defendants actual notice of the pendency of the action since defendants were "avoiding all other methods of service." Dckt. No. 20. Then, on June 1, 2011, the court issued an order granting the motion for service by publication. Dckt. No. 22. On July 25, 2011, plaintiff filed a proof of service by publication in the Stockton Record. Dckt. No. 23.

On September 21, 2011, defendants Smith and Winding filed a notice and motion of acknowledgment of waiver of service of summons, Dckt. No. 24, and an executed waiver of service, Dckt. No. 25, contending that they did not receive service of the complaint until

---

sanctions.

September 20, 2011. Defendants stated that they "acknowledge and waive service of summons in this case" in order to save unnecessary costs of service, and that therefore their answers would be filed within 60 days from the date they were served with the complaint (which they contend was on September 20). *Id.* Defendants also stated that they had attempted on several occasions to locate National City Bank about their personal property, and that therefore the "complaint is a welcomed means of communication for the issue at hand." *Id.*

On October 4, 2011, plaintiff filed an application for entry of default and default judgment.[2] Dckt. No. 27. The next day, October 5, 2011, the Clerk of Court entered default as to Smith and Winding. Dckt. No. 28. However, on October 6, 2011, the undersigned issued a minute order stating that "[i]n light of defendants' notice and motion for acknowledgment and waiver of service of summons , the undersigned finds good cause to extend the notice period set forth in E.D. Cal. L.R. 540(d). Accordingly, plaintiff is directed to notice its motion for default judgment in accordance with the timelines set forth in E.D. Cal. L.R. 230(b). Any opposition and/or reply, shall be filed in accordance with E.D. Cal. L.R. 230(c) and (d)." Dckt. No. 29.

Plaintiff then filed a motion for default judgment on November 21, 2011, and noticed the motion for hearing on December 21, 2011. Dckt. No. 30. On November 22, 2011, Smith filed an answer, Dckt. No. 31, and Winding filed an answer and counterclaim, Dckt. No. 32.

STANDARDS

*Default Judgment*

It is within the sound discretion of the district court to grant or deny a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also* E.D. Cal. L.R. 540 (regarding

---

[2] Local Rule 540(d) authorizes a party to move for default judgment any time after the time for answer has expired "[u]pon a showing that no one has appeared to claim the property and give security, and that due notice of the action and arrest of the property has been given." The Rule further provides that "[i]f no one has appeared, the party may have an ex parte hearing before the Court and judgment without further notice. If any person has appeared and does not join in the motion for judgment, such person shall be given seven (7) days notice of the motion; provided, however, that the Court can extend or shorten the time of the required notice on good cause."

default judgments in actions in rem).[3]  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages.  *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).  However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts *not* contained in the pleadings, and claims which are *legally insufficient*, are *not* established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

### *Setting Aside Entry of Default*

The court also has the power to set aside the entry of default "for good cause."  Fed. R. Civ. P. 55(c).  The Ninth Circuit treats the standard for good cause to set aside an entry of default under Rule 55(c) the same as the excusable neglect standard for relief from judgment under Rule 60(b)(1). "A showing of lack of culpability sufficient to meet the Rule 55(c) 'good cause' standard (for setting aside a default) is ordinarily sufficient to demonstrate as well the 'excusable neglect' or 'mistake' criteria under Rule 60(b)(1) (to set aside a judgment)."  *TCI Group Life Ins.*

---

[3] Local Rule 540(a) provides that "[a] party seeking a default judgment in an action in rem shall show to the satisfaction of the Court that due notice of the action and arrest of the property has been given: (1) By publication, see L.R. 530; (2) By personal service on the person having custody of the property; (3) If the property is in the hands of a law enforcement officer, by personal service on the person having custody before its possession by law enforcement agency or officer; *and* (4) By personal service or by certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided, however, that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success." E.D. Cal. L.R. 540(a) (emphasis added).

*Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)); *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004).

"At least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 394 (1993) (dealing with "excusable neglect" as ground for permitting late filing of creditor's claim under Bankruptcy Rule 9006(b)(1)). What constitutes "excusable" neglect is basically an equitable determination. As noted by the Supreme Court in an analogous context: "Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable' . . . the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. The equitable considerations include the danger of prejudice to plaintiff, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

In the default context, this includes consideration of any prejudice to the nondefaulting party if relief is granted; a lack of a meritorious defense by the defaulting party; and culpable conduct by the defaulting party causing the default. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). This tripartite test is "disjunctive," meaning that the district court is free to deny the motion if any of these three factors is shown to exist. *American Ass'n of Naturopathic Physicians v. Hayhurst,* 227 F.3d 1104, 1108–09 (9th Cir. 2000).

With regard to prejudice, plaintiff must be able to show that the delay resulted in the loss of evidence, that it increased the difficulty of discovery, or that it thwarted plaintiff's ability to obtain relief. *Cutting v. Town of Allenstown,* 936 F.2d 18, 22 (1st Cir. 1991) (plaintiff died in intervening period); *Northwestern Mut. Life Ins. Co. v. DeMalleraym,* 789 F. Supp. 651, 654 (S.D.N.Y. 1992) (loss of records in interim). "There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case."

5

*Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000); *see also TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 701 (9th Cir. 2001).  With regard to whether defendant lacks a meritorious defense, defendant obviously need not show that it will prevail, only that there is a bona fide chance that such a result will occur. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3rd Cir. 1984); *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994).  Finally, with regard to defendant's "culpable" conduct, failing to respond to a lawsuit of which the defaulting party has actual knowledge is not "culpable" where defendant offers "a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 697 (9th Cir. 2001).

Although the standard for setting aside an entry of default and for vacating a default judgment is the same in the Ninth Circuit, the court has broader discretion and greater procedural flexibility when evaluating relief from entry of default alone. *See Brady v. United States,* 211 F.3d 499, 504 (9th Cir. 2000) ("court's discretion is 'especially broad' when . . . it is entry of default that is being set aside, rather than a default judgment").  There are several policy factors favoring relief, which should guide the court's consideration in exercising its discretion: (1) since provisions for relief are remedial in nature, they must be liberally applied; (2) default judgments are generally disfavored and cases ordinarily should be decided on their merits; and (3) where defendant seeks timely relief from the default judgment and has a meritorious defense, doubts should be resolved in favor of granting the motion to set aside the judgment. *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991).

ANALYSIS

Even though defendants have not formally requested that the court set aside the Clerk's entry of default, it is clear that they are attempting to defend this action since (1) in September 2011, they filed a waiver and acknowledgment of service indicating that they did not receive service of the complaint until September 20, 2011 and that they would be filing answers within

60 days of that date; and (2) they each filed an answer in November 2011. Accordingly, the undersigned will construe defendants' filings as a motion to set aside default under Rule 55(c).

When deciding whether to set aside defendants' default, the issue is whether there is good cause to do so (which is treated the same as the excusable neglect standard for relief from judgment under Rule 60(b)(1)). Here, good cause exists since it does not appear that defendants purposefully delayed in responding to the complaint or otherwise attempted to gain any advantage by not responding; rather, it appears their failure to file timely answers was due to their misunderstanding of the rules regarding waiver of service of process. They state in their "notice and motion of acknowledgment of waiver of service of summons," Dckt. No. 24, and their executed waivers of service, Dckt. No. 25, that they did not receive service of the complaint until September 20, 2011. Defendants state that they "acknowledge and waive service of summons in this case" in order to save unnecessary costs of service, and that therefore their answers would be filed within 60 days from the date they were served with the complaint. They did just that by filing their answers on November 21, 2011. Defendants also state in their "notice and motion of acknowledgment of waiver of service of summons," Dckt. No. 24, that they have attempted on several occasions to locate National City Bank about their personal property, so "this complaint is a welcomed means of communication for the issue at hand." Defendants' misunderstanding of the admittedly confusing service rules amounts to excusable neglect or mistake, which is sufficient under Rule 60(b)(1) and which is therefore sufficient under Rule 55(c). It does not appear that defendants had any intention of taking advantage of plaintiff, interfering with judicial decision-making, or otherwise manipulating the legal process. Defendants filed answers the day after the motion for default judgment was filed and within sixty days of the date they contend they were served with the complaint.

Moreover, although setting aside the defaults would require plaintiff to prove its case, that does not amount to prejudice, especially since plaintiff has not even attempted to assert how it would be prejudiced be the setting aside of defendants' defaults. Additionally, although it is

7

1 unclear whether defendants' denials of plaintiff's claims would be meritorious, there is at least a

2 bona fide chance that defendants could prevail.  Therefore, the defaults that were entered by the

3 Clerk against defendants Smith and Winding should be set aside.  As a result, plaintiff's motion

4 for default judgment must be denied.[4]

5       Accordingly, IT IS HEREBY ORDERED that:

6       1.  Defendants' answers are construed as a motion to motion to set aside default under

7 Rule 55(c), and that motion is granted.

8       2.  The defaults that were entered by the Clerk against defendants Smith and Winding,

9 Dckt. No. 28, are set aside.

10       3.  Plaintiff's motion for default judgment, Dckt. No. 30, is denied.

11 DATED: December 21, 2011.

13 EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] The motion for default judgment should also be denied on the merits since the *Eitel* factors now weigh against plaintiff: (1) the possibility of prejudice to plaintiff is not great given that defendants are now attempting to defend the action; (2)/(3) given that defendants are attempting to defend this action and have denied the majority of the allegations in the complaint, it is unclear that plaintiff's substantive claim will be meritorious or that the complaint is sufficient; (4) the money at stake does not weigh in any party's favor; (5) there will likely be an actual dispute concerning the material facts; (6) defendants' default was due to excusable neglect (see above); and (7) the strong policy underlying the Federal Rules of Civil Procedure favors decisions on the merits.