IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PNC BANK, N.A., a National Association,
as successor in interest to National City Bank,

    Plaintiff,

vs.

BELINDA L. SMITH, in personam; JACOB WINDING, in personam; B & B DREAMIN', Hull No. GMKD283C505 (the "Vessel"), its engines, machinery, appurtenances, etc., in rem;

    Defendants.

No. 2:10-cv-1916-JAM-EFB

ORDER

This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On July 31, 2012, plaintiff filed a motion for summary judgment and noticed the motion for hearing before the undersigned on September 5, 2012. Dckt. No. 39.

Then, on August 22, 2012, defendant Jacob Winding filed an affidavit from Gloria Rosario in support of Winding's motion for a continuance and sanctions.[1] Dckt. No. 42. Rosario states that she collects Winding's mail and delivers it to him and that she has not seen any mail

---

[1] Defendant Belinda Smith has not filed any response to the motion for summary judgment.

1

sent to Winding from plaintiff's lawyers. *Id.* The implication of the affidavit is that Winding did not receive a copy of the motion for summary judgment.

On August 24, 2012, Winding filed the motion for a continuance and sanctions that was referenced in Rosario's affidavit. Dckt. No. 44. Winding requests a continuance of 60 days and an award of $3006.25 because Winding contends he has "not received any documentation (called 'Interrogator[ies] and/or Summary Judgment') from Plaintiff . . . or their attorneys of record," even though his address of record is correct. *Id.* at 1, 3. Winding also filed a declaration under penalty of perjury in which he reiterates that he has not received any mail from plaintiff or plaintiff's counsel. *Id.* at 6-7.

In light of Winding and Rosario's representations, Winding's request for a continuance will be granted, and the hearing on plaintiff's motion for summary judgment will be continued. Plaintiff's counsel will also be directed to re-serve Winding with a copy of the motion. However, because Winding has not shown that sanctions are warranted, Winding's request for sanctions will be denied.

Additionally, the court informs defendants of the following with respect to opposing a motion for summary judgment under Fed. R. Civ. P. 56: Such a motion is a request that the court grant judgment in plaintiff's favor without trial. A motion for summary judgment will set forth the facts that plaintiff asserts are not reasonably subject to dispute and that entitle plaintiff to judgment under applicable law. To oppose the motion for summary judgment, defendants must show that there are genuine issues of material fact regarding plaintiff's claims such that plaintiff is not entitled to judgment as a matter of law. To do this, defendants may cite to particular materials in the record that show such dispute, show that plaintiff's materials fail to establish absence of a genuine dispute, show that plaintiff cannot produce admissible evidence to support its factual position, or object to plaintiff's materials on the ground that they cannot be presented in a form that would be admissible in evidence. Defendants may file one or more affidavits or declarations setting forth facts, as long as the person who signs it has personal

knowledge of the facts stated.  Defendants may rely on written records, but they must prove the documents are what defendants assert them to be.  Defendants may rely on all or any part of responses to discovery propounded in this case, i.e, answers to interrogatories, admissions and deposition transcripts.  If there is good reason why facts needed to oppose the motion are not available to defendants, the court may consider a request to postpone considering the motion.  If defendants do not file a written opposition to the motion or a request to postpone consideration of it, the court may consider the failure to act as a waiver of opposition to the motion.  If the court grants the motion, whether opposed or unopposed, judgment will be entered for plaintiff without a trial and the case will be closed.

Further, Local Rule 260(b) provides that "[a]ny party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." Local Rule 260(b) further provides that "[t]he opposing party may also file a concise 'Statement of Disputed Facts,' and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication," and that "[t]he opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers."

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. Defendant Winding's motion for an extension of time, Dckt. No. 44, is granted.

2. Defendant Winding's request for sanctions, Dckt. No. 44, is denied.

3. The hearing on plaintiff's motion for summary judgment, Dckt. No. 39, is continued to November 7, 2012.

4. Plaintiff's request to appear at the September 5, 2012 hearing telephonically, Dckt. No. 43, is denied as moot.

3

    5. Within fourteen days of the date of this order, plaintiff's counsel shall re-serve defendant Winding with a copy of the summary judgment motion and shall file a proof of such service.

    6. Defendants shall file an opposition to the motion, or a statement of non-opposition thereto, and a response to plaintiff's statement of undisputed facts, no later than October 17, 2012.

    7. Failure of defendants to comply with this order may be deemed a statement of non-opposition to the motion, and may result in a recommendation that the motion be granted and/or that defendants' answers be stricken and their default be entered due to their failure to comply with court orders and this court's Local Rules.

    8. Plaintiff may file a reply to defendants' opposition(s), if any, on or before October 24, 2012.

SO ORDERED.

DATED: August 28, 2012.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE