IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PNC BANK, N.A., a National Association, as successor in interest to National City Bank,

    Plaintiff,

vs.

BELINDA L. SMITH, in personam; JACOB WINDING, in personam; B & B DREAMIN', Hull No. GMKD283C505 (the "Vessel"), its engines, machinery, appurtenances, etc., in rem;

    Defendants.

    No. 2:10-cv-1916-JAM-EFB PS

    ORDER

This case, in which defendants are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Defendant Belinda Smith moves to amend her answer so that she can file counterclaims against plaintiff.[1] Dckt. No. 65. Smith argues that her counterclaims against plaintiff for wrongful arrest of a

---

[1] At the March 20, 2013 Rule 16 scheduling conference, defendant Smith indicated that she desired to file an amended answer and counterclaim. Accordingly, the Rule 16 scheduling order provided that if Smith intended to amend her answer and file a counterclaim against plaintiff, she was to file either a stipulation or a motion for leave to amend her answer and file a counterclaim against plaintiff on or before April 1, 2013. Dckt. No. 64 at 2.

1

vessel, wrongful foreclosure of a vessel, violation of the Fair Debt Collection Practices Act, and interference with economic advantage should be permitted since they arise out of the same transaction or occurrence as the facts on which plaintiff's claims are based. *Id.* at 2. Plaintiff opposes the motion, arguing that the counterclaims are untimely, the counterclaims are futile, and plaintiff would be prejudiced if Smith is permitted to add the counterclaims at this late date. Dckt. No. 66 at 2. For the reasons stated herein, the motion will be granted.[2]

Because Smith did not file her purported amended answer and counterclaims within 21 days of the date plaintiff was served with the answer, Smith is not entitled to amend her answer as a matter of course.[3] *See* Fed. R. Civ. P. 15(a)(1) (providing that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). Therefore, the court must look to Rule 15(a)(2). Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad

---

[2] Because the court determined that oral argument would not be of material assistance to the court, the motion was submitted without appearance and without argument pursuant to Eastern District of California Local Rule 230(g).

[3] Rule 13 identifies compulsory and permissive counterclaims. Fed. R. Civ. P. 13(a)-(b). Compulsory counterclaims are those which arise out of the same "transaction or occurrence" that is the subject of the opposing party's claim and which do not require joinder of a party over which the court does not have jurisdiction. Fed. R. Civ. P. 13(a). In applying this rule, the court should consider whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987) (internal citations omitted). When a counterclaim is compulsory, it is forfeited if it is not included in the party's pleading, including its answer to a complaint. *See id.*

2

faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Additionally, leave to amend should not be granted where amendment would be futile. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The test for futility is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6); in other words, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim or defense. *Id*. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, Smith, who is appearing *pro se*, did not file her motion to amend until April 1, 2013, and did not express any interest in filing a counterclaim until the March 20, 2013 scheduling conference, even though this action has been pending since July 20, 2010, Smith filed her original answer on November 22, 2011, and defendant Winding filed his answer and counterclaim on November 22, 2011. However, there is no indication that Smith "unduly" delayed in filing her motion to amend and no current evidence that it was filed in bad faith.[4] Smith proposed filing her counterclaims at the Rule 16 scheduling conference in this action; therefore, the proposed counterclaims were raised before the case was actually scheduled, and the Rule 16 scheduling order contemplated that Smith would be filing the instant motion.

Further, although the plaintiff raises strong concerns as to the merits of the proposed counterclaims, the court cannot say at this time that amendment would be futile. While the

---

[4] The counterclaims are subject to the provisions of Rule 11 as to Smith's signature and the factual representations asserted in that pleading. *See* Fed. R. Civ. P. 11.

plaintiff is, of course, free to pursue any appropriate dispositive motion directed at the counterclaims, it has not yet been shown that no set of facts could be proved that would constitute a valid and sufficient claim for wrongful arrest of a vessel, wrongful foreclosure of a vessel, violation of the Fair Debt Collection Practices Act, and/or interference with economic advantage.  Additionally, although the case has been pending for over two and a half years, because the case was only recently scheduled, and was scheduled with the knowledge that Smith would be seeking to assert counterclaims against plaintiff, plenty of time was allocated for the parties to conduct discovery and law and motion.  Moreover, plaintiff has not shown that permitting Smith to add her counterclaims will prolong this case.  The burden of showing prejudice is upon the party opposing the amendment and plaintiff has not carried this burden.  Therefore, defendant Smith's motion for leave to amend will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Smith's motion to amend her answer so that she can file the proposed counterclaims against plaintiff, Dckt. No. 65, is granted.

2. Within fourteen days of the date of this order, Smith shall file her amended answer, along with the proposed counterclaims.[5]

3. Once Smith files her amended answer and counterclaims, plaintiff shall respond to those counterclaims within the time prescribed by the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: June 18, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[5] Although Smith filed a copy of her proposed counterclaims as an exhibit to her motion to amend, she is directed to file her amended answer and counterclaims as one docket entry.