UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNC BANK, N.A., a National Association, as successor in interest to National City Bank, | No.  2:10-cv-1916-JAM-EFB PS |
| Plaintiff, | ORDER AND <br> FINDINGS AND RECOMMENDATIONS |
| v. | |
| BELINDA L. SMITH, in personam; JACOB WINDING, in personam; B & B DREAMIN', Hull No. GMKD283C505 (the "Vessel"), its engines, machinery, appurtenances, etc., in rem, | |
| Defendants. | |
| AND RELATED COUNTER-CLAIMS. | |

This action is before the court on plaintiff's motion to dismiss defendant Smith's

counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  ECF No. 78.  Defendant

Smith opposes the motion.  ECF No. 82.  Smith also moves to strike the affidavit of Brian J.

Lutton, which plaintiff submitted in support of its motion to dismiss.  For the reasons stated

herein, Smith's motion to strike is denied and it is recommended that plaintiff's motion to dismiss

_____

[1]  This case was referred to the undersigned pursuant to Eastern District of California
Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

1

1  be granted. [2]

2  I.      PROCEDURAL HISTORY

3          Plaintiff PNC Bank (hereafter "PNC Bank") filed a verified complaint in rem and in

4  personam for foreclosure of a vessel owned by defendant owner Belinda Smith (defendant B & B

5  DREAMIN', Hull No. RGMKD283C505), on July 20, 2010.  ECF No. 1.  On September 10,

6  2010, the court issued an order authorizing an in rem arrest warrant for the vessel.  ECF No. 11.

7  The warrant was served and, on March 30, 2011, an order was entered confirming the vessel's

8  arrest and appointing National Maritime Services as substitute custodian of the vessel, ECF No.

9  19.

10         Smith filed an answer to the complaint, ECF No. 31, and defendant Winding filed an

11 answer and counterclaim, ECF No. 32.  PNC Bank has filed an answer to Winding's

12 counterclaim.  ECF No. 35.

13         PNC Bank filed a motion for summary judgment on its complaint, seeking an order

14 providing that:  (1) PNC Bank has a first priority security interest in the Vessel; (2) defendant

15 Smith is in default of her obligations to plaintiff; (3) PNC Bank is entitled to possession of the

16 Vessel; (4) PNC Bank is entitled to a deficiency judgment against Smith pursuant to 46 U.S.C.

17 § 1325(b)(2)(A); and (5) PNC Bank is entitled to a judgment against Smith for attorney's fees and

18 costs.  ECF No. 39.  PNC Bank also sought summary judgment on defendant Winding's

19 counterclaims for declaratory relief, conversion, and/or negligence.  Specifically, PNC Bank

20 sought an order providing that (1) defendant Winding's interest in the Vessel is subordinate to

21 that of PNC Bank; (2) PNC Bank is not liable to Winding for conversion; (3) PNC Bank is not

22 liable to Winding for tort; and (4) PNC Bank is not liable to Winding for attorney's fees or court

23 costs.  PNC Bank's motion for summary judgment was denied on March 18, 2013.  ECF Nos. 56,

24 62.

25 /////

26 /////

27

28     [2] The motions were submitted without appearance and without argument pursuant to
    Eastern District of California Local Rule 230(g).

2

1    On April 1, 2013, Smith filed a motion for leave to file an amended answer in order to

2    assert counterclaims against PNC Bank.[3]  ECF No. 65.  That motion was granted (ECF No. 76)

3    and on June 28, 2013, Smith filed her amended answer and counterclaim, ECF No. 77.  PNC

4    Bank now moves to dismiss Smith's counterclaim.  ECF No. 78.

5    II.    FACTUAL BACKGROUND

6    Smith's counterclaim, standing on its own, provides little, if any, context as to the

7    overarching dispute between the parties in this action.  Because the counterclaim is not drafted to

8    stand on its own, to understand it requires reference to the allegations contained in PNC Bank's

9    complaint.  PNC Bank alleged in that complaint that the vessel B & B DREAMIN', Hull No.

10   MKD283C505, its engines, machinery, appurtenances, etc. ("Vessel") was owned by defendant

11   Belinda Smith.  Compl., ECF No. 1 ¶ 2.  It is undisputed that it was purchased on credit and

12   encumbered.  On July 12, 2005, Smith executed and delivered to National City a written Fixed

13   Rate Promissory Note and Security Agreement- Multi-State Dealer (hereinafter the "Note") in the

14   principal sum of $336,653.69 plus interest for the purchase of the Vessel.  *Id.* ¶ 5.  The Note was

15   secured by a Preferred Ship Mortgage ("Mortgage") on the Vessel.  *Id.*  The Mortgage was duly

16   recorded at the National Vessel Documentation Center against the Vessel on August 18, 2005 as a

17   Preferred Mortgage.  *Id.* ¶¶ 5, 6, Exs. 3, 5.

18   Smith also executed a second Promissory Note Secured By A Marine Vessel Called B&B

19   Dreamin' (Straight Note-Interest Only) (hereinafter "Note 2") on July 11, 2005, in favor of

20   defendant Winding in the amount of $110,000.00.  *Id.* ¶ 7.  A Preferred Ship Mortgage

21   (hereinafter the "Winding Mortgage") securing Note 2 was allegedly recorded by Winding on or

22   about May 29, 2009.  *Id.* ¶ 8.

23   In November 2009, PNC Bank merged with National City.  *Id.* ¶ 9.  As a result, PNC

24   Bank assumed all of the deposits and loans of National City and thereby PNC Bank became the

25   holder and owner of Note and Mortgage on the Vessel.  *Id.* ¶¶ 9, 10.  PNC Bank's complaint

26
          [3] At the March 20, 2013 Rule 16 scheduling conference, Smith stated that she wanted to
27   amend her answer and file a counterclaim.  The Rule 16 scheduling order instructed her that she
     must either submit a stipulation and proposed order for leave to do so, or file a motion for leave to
28   amend.  She was to do so on or before April 1, 2013.  ECF No. 64 at 2.

1   alleges that Smith defaulted under the Note and Mortgage by failing to make monthly payments

2   due on August 10, 2008, and all payments accruing thereafter.  *Id*.  PNC Bank elected to charge

3   off the account in April 2009, and accelerate the entire balance due under the Note and Mortgage.

4   *Id*. ¶ 11.  Therefore, according to PNC Bank, there is now due and owing to PNC Bank under the

5   Note the principle sum of $288.648.57, plus interest.  *Id*. ¶ 13.  In or about June 2009, PNC Bank

6   repossessed the Vessel for the purpose of re-marketing same in order to apply the net proceeds to

7   the balance owing under the Note and Mortgage.  *Id*. ¶ 14.

8        Smith disputes PNC Bank's version of the facts in her amended answer and counterclaim.

9   She alleges that PNC Bank repossessed the Vessel on June 1, 2009 (ECF No. 77 ¶ 3) and at the

10   time of the repossession, defendant Winding was utilizing the Vessel pursuant to a contractual

11   agreement between Smith and Winding.  *Id*.  Smith further alleges that she was never in default

12   under the Note and Mortgage and had not heard from National City in over two years.  *Id*. ¶ 6.

13   Smith further alleges that she did not owe National City any money.  *Id*.  She contends that the

14   arrest of the Vessel was wrongful because she had paid the amount owed under the Note and

15   therefore was not in default.  *Id*. ¶ 10.

16   III.   MOTION TO STRIKE

17        In spite of having filed this motion under Rule 12(b)(6) rather than Rule 56, PNC Bank

18   submitted the affidavit of Brian J. Lutton in support of its motion to dismiss.  ECF No. 79.  Mr.

19   Lutton's declaration is submitted as evidence to refute the allegations in Smith's counterclaim,

20   which of course cannot be done on a Rule 12(b)(6) motion.

21        On August 19, 2013, Smith filed a motion to strike the affidavit.  ECF No. 84.  Smith

22   argues that many of the paragraphs of Lutton's affidavit, as well as the attached exhibits, lack

23   foundation, lack proper authentication, constitute inadmissible hearsay, and are argumentative,

24   vague, and misleading.  *Id*. at 1-4.  Because the affidavit may not be considered on a Rule

25   12(b)(6) motion to dismiss for failure to state a claim, the motion to strike is superfluous and is

26   denied.

27   /////

28   /////

4

1     PNC Bank could have moved for summary judgment on Smith's counterclaim pursuant to

2   Rule 56, and submitted whatever materials were necessary to support such a motion.[4]   Rather

3   than doing so, PNC Bank chose to attack the counterclaim under Rule 12(b)(6), challenging the

4   sufficiency of its allegations to state a claim.  The court may not consider evidence outside the

5   pleading in addressing PNC Bank's motion to dismiss.  *See United States v. Ritchie*, 342 F.3d

6   903, 907 (9th Cir. 2002) ("When ruling on a Rule 12(b)(6) motion to dismiss, if a district court

7   considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a

8   Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to

9   respond.").  Counterclaimant Smith has not been given notice that PNC Bank would be seeking

10   summary judgment and, accordingly, the court is not converting this motion to a motion pursuant

11   to Rule 56.  Accordingly, the court's consideration of the motion is limited to the allegations of

12   the counterclaim.

13   IV.     MOTION TO DISMISS

14     Smith purports to assert four counterclaims against PNC Bank: (1) wrongful arrest of

15   vessel, (2) wrongful foreclosure of a vessel pursuant to Federal Rule of Civil Procedure 64, (3)

16   violation of the Fair Debt Collection Practices Act ("FDCPA"), and (4) interference with

17   economic advantage.  ECF No. 77 at 9-12.  PNC Bank moves to dismiss these claims for failure

18   to state a claim.  ECF No. 78.

19     A.  Rule 12(b)(6) Standards

20     To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

21   must contain more than a "formulaic recitation of the elements of a cause of action"; it must

22   contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell

23   Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . .

24   . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

25   action."  *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

26
         [4] However, as noted, PNC Bank previously moved for summary judgment on its
27   complaint and Winding's counterclaim.  ECF. No. 39.  That motion was denied based on Smith
     and Winding's affidavits, signed under penalty of perjury, which disputed PNC Bank's version of
28   the facts in material ways.  *See* ECF No. 56 at 8-11.

5

1   236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to

2   'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

3   (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when plaintiff pleads

4   factual content that allows the court to draw the reasonable inference that the defendant is liable

5   for the misconduct alleged."  *Id*.  Dismissal is appropriate based either on the lack of cognizable

6   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

7   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

8          In considering a motion to dismiss, the court must accept as true the allegations of the

9   complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

10  the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in

11  the pleader's favor.  *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

12  (1969).  The court will "presume that general allegations embrace those specific facts that are

13  necessary to support the claim.'"  *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

14  (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

15         Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

16  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.

17  1985).  The Ninth Circuit has held that the less stringent standard for pro se parties is now higher

18  in light of *Iqbal* and *Twombly*, but the court still continues to construe pro se filings liberally.

19  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, the court's liberal interpretation of

20  a pro se litigant's pleading may not supply essential elements of a claim that are not plead.  *Pena*

21  *v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d

22  266, 268 (9th Cir. 1982).  Furthermore, "[t]he court is not required to accept legal conclusions

23  cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the

24  facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither

25  need the court accept unreasonable inferences, or unwarranted deductions of fact.  *W. Mining*

26  *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

27  /////

28  /////

1          B.  Smith's Claims

2                 1.  Wrongful Arrest of Vessel

3          Smith claims that PNC Bank wrongfully arrested the Vessel because Smith had already

4    paid the amount owed under the Note and therefore she was not in default under the Note and

5    Mortgage.  ECF No. 77 ¶ 10.  Smith further claims that she did not owe National City any money

6    and that she had not heard from National City in over 2 years.  *Id*. ¶ 6.  PNC Bank argues that

7    Smith's claim for wrongful arrest of the Vessel should be dismissed because Smith has failed to

8    show that PNC Bank acted with malice, bad faith or gross negligence.  ECF No. 78 at 7.

9          "The arrest of a vessel in admiralty is an inconvenience to which the owner must submit

10   as one caused by the exercise of a legal right on the part of the plaintiff."  *Stevens v. F/V Bonnie*

11   *Doon*, 655 F.2d 206, 209 (9th Cir. 1981) (citations omitted).  To recover damages for the

12   wrongful arrest of a vessel, a party must show that the arrest was done with malice, bad faith, or

13   gross negligence.  *Id*.; *Frontera Fruit Co. v. Dowling* , 91 F.2d 293, 297 (5th Cir. 1937) ("The

14   gravamen of the right to recover damages for wrongful seizure or detention of vessels is the bad

15   faith, malice, or gross negligence of the offending party.").

16         Here, Smith fails to alleged specific facts which, if true, demonstrate that PNC Bank

17   wrongfully caused the arrest of the vessel, let alone with malice, bad faith, or gross negligence.

18   Although Smith has, in the context of opposing summary judgment, made general allegations that

19   she paid the mortgage, the text of the counterclaim omits any such direct allegation.  Instead,

20   Smith states that PNC Bank "has refused, without cause, to admit that Defendants Belinda Smith

21   have [sic] paid the Promissory Note . . ." and that the note was not in default.  The omission of a

22   direct allegation that the Note was in fact paid, and the omission of facts which if taken as true

23   would demonstrated when and how, and with what funds, the Note was paid is not without

24   context.  Smith was previously made well aware of the significant factual dispute between the

25   parties over precisely these circumstances when the summary judgment motion was litigated.  As

26   drafted, her "First Claim For Relief" fails to assert facts, which if proven, would demonstrate that

27   the Note was actually paid and that PNC Bank knew it was paid yet caused the arrest of the

28   vessel anyway.  Her claim fails to satisfy the plausibility standard under *Twombly*, 550 U.S. at

7

1    555; and *Iqbal*, 129 S. Ct. at 1949.  Accordingly, this claim must be dismissed with leave to

2    amend.

3                    2.  <u>Wrongful Foreclosure of Vessel Pursuant to Federal Rule of Civil Procedure 64</u>

4            Under this cause of action, Smith alleges that PNC Bank's own admissions show that it

5    foreclosed on the Vessel on June 1, 2009, but did not initiate this action until July 20, 2010.  ECF

6    No. 77 ¶ 18.  Smith appears to contend that this conduct violated Federal Rule of Civil Procedure

7    64.  *See id.* ¶¶ 17-19.  Beyond that, the claim is unintelligible.  Smith does not explain how the

8    time between PNC Bank's repossession of the Vessel and its initiation of this lawsuit amounts to

9    a claim for wrongful foreclose.  Further, it is unclear how this purported cause of action relates to

10   Federal Rule of Civil Procedure 64.  Further, the rule itself provides no cause of action.  It simply

11   states that "[a]t the commencement of and throughout an action, every remedy is available that,

12   under the law of the state where the court is located, provides for seizing a person or property to

13   secure satisfaction of the potential judgment.  But a federal statute governs to the extent it

14   applies."  Fed. R. Civ. P. 64(a).  Rule 64 codifies the "long-settled federal law providing that in

15   cases in federal court . . . state law is incorporated to determine the availability of prejudgment

16   remedies for the seizure of person or property to secure satisfaction of the judgment ultimately

17   entered."  *Granny Goose Foods, Inc. v Bhd. Of Teamsters & Auto Truck Drivers Local No. 70 of*

18   *Alameda Cnty.*, 415 U.S 423, 436 n. 10 (1974).  While the court did issue an order authorizing an

19   arrest of the Vessel, ECF No. 11, as noted with respect to the first cause of action, Smith has not

20   alleged facts, which if true, demonstrate that this foreclosure action is "wrongful."

21           As this claim is incomprehensible, it must be dismissed.  The dismissal should be with

22   leave to amend to afford Smith an opportunity to cure the defects, if she can do so in good faith.

23                    3.  <u>Fair Debt Collection Practices Act</u>

24           Smith appears to allege that PNC Bank violated the FDCPA by stating that the original

25   loan was for $336,653, when the amount of the loan was significantly less.  ECF No. 77 ¶ 23.

26   Smith claims that this was misrepresentation and violated 15 U.S.C. § 1692f.  PNC Bank argues

27   /////

28   /////

8

1  that this claim should be dismissed because PNC Bank does not qualify as a debt collector under

2  the FDCPA.[5]  ECF No. 78 at 9.

3       The purpose of the FDCPA is to "prohibit debt collectors from engaging in unfair and

4  deceptive practices in the collection of consumer debts, and to require debtors to act fairly into

5  entering into and honoring such debts."  *See* 15 U.S.C. § 1692.  The FDCPA applies only to a

6  "debt collector," defined as "a person who uses any instrumentality of interstate commerce or the

7  mails in any business the principal purpose of which is the collection of any debts, or who

8  regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

9  owed or due another."  15 U.S.C. § 1692a.  The FDCPA expressly excludes from this definition

10  any person collecting or attempting to collect a debt originated by that person.  15 U.S.C.

11  § 1692a(6)(F)(ii).  Moreover, "[t]he law is well-settled that creditors, mortgagors, and mortgage

12  servicing companies are not debt collectors and are statutorily exempt from liability under the

13  FDCPA."  *Costantini v. Wachovia Mortg. FSB*, 2009 WL 1810122, at *3 (E.D. Cal. June 24,

14  2009) (internal alterations omitted) (quoting *Hepler v. Wash. Mut. Bank, F.A.*, 2009 WL 1045470

15  at *4 (C.D. Cal. Apr.17, 2009)).

16       Here, Smith's factual allegations fail to show that plaintiff is a "debt collector" as the term

17  is defined in 15 U.S.C. § 1692a.  Accordingly, Smith's FDCPA claim must be dismissed with

18  leave to amend.

19            4.  Intentional Interference with an Economic Advantage

20       Smith alleges that she had a contractual relationship with Winding as to the Vessel.  ECF

21  No. 77 ¶ 26.  She says that PNC Bank's foreclosure and seizure of the Vessel intentionally

22  disrupted the contract entered into between Smith and Winding.  *Id*. ¶ 27.  Smith contends that

23  she suffered damages as a result of the interference.  *Id*. ¶ 28.  PNC Bank argues that Smith's

24  claim fails because she has failed to allege facts showing that PNC Bank had knowledge of the

25  contract between Smith and Winding.  ECF No. 78.  PNC Bank also argues that Smith fails to

26

27       [5]  PNC Bank also argues that this claim should be dismissed because Smith's allegations
are unfounded and not supported by documentation.  Again, PNC Bank disregards the role of a
28  Rule 12(b)(6) motion and conflates the applicable standard with that under Rule 56.

1    allege facts demonstrating that PNC Bank intended to cause the result of interfering with Smith

2    and Winding's contract.

3        "To prevail on a cause of action for intentional interference with prospective economic

4    advantage in California, a plaintiff must plead and prove (1) an economic relationship between

5    the plaintiff and some third party, with the probability of future economic benefit to the plaintiff;

6    (2) the defendant's knowledge of the relationship; (3) the defendant's intentional acts designed to

7    disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the

8    plaintiff proximately caused by the defendant's acts." *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1152,

9    n. 6 (2004) (citation omitted).

10       Smith's conclusory allegations are insufficient to state a claim for intentional interference

11   with an economic advantage.  She has only alleged that she entered into a contract with defendant

12   Winding, and that plaintiff interfered with this contract by seizing the Vessel.  Smith has failed to

13   allege facts demonstrating that PNC Bank had knowledge of Smith's contractual relationship with

14   Winding.  Furthermore, there are no allegations showing that PNC Bank acted with the intent to

15   disrupt her relationship with Winding.  Accordingly, Smith's claim for intentional interference

16   with an economic advantage must be dismissed with leave to amend.

17   V.    CONCLUSION

18       Accordingly, it is ORDERED that defendant Smith's motion to strike, ECF No. 84, is

19   denied as superfluous.  The court is not considering the Declaration of Brian J. Lutton, ECF No.

20   79, in ruling on this Rule 12(b)(6) motion.

21       Further, it is RECOMMENDED that:

22       1.  Plaintiff's (PNC Bank's) motion to dismiss defendant Smith's counterclaims, ECF No.

23   78, be granted;

24       2.  Defendant Smith's counterclaims be dismissed in their entirety with leave to amend;

25   and

26   /////

27   /////

28   /////

10

1      3. Defendant Smith be given 30 days from the date of any order adopting these findings

2   and recommendations to file an amended pleading curing the deficiencies identified herein.

3      These findings and recommendations are submitted to the United States District Judge

4   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5   after being served with these findings and recommendations, any party may file written

6   objections with the court and serve a copy on all parties.  Such a document should be captioned

7   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

9   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10  DATED:  March 6, 2014.

11

12                                                EDMUND F. BRENNAN
                                                 UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28