UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNC BANK, N.A., a National Association, as successor in interest to National City Bank,<br><br>Plaintiff,<br><br>v.<br><br>BELINDA L. SMITH, in personam; JACOB WINDING, in personam; B & B, DREAMIN', Hull No. GMKD283C505 (the "Vessel"), its engines, machinery, appurtenances, etc., in rem,<br><br>Defendants. | No. 2:10-cv-1916-JAM-EFB PS<br><br>ORDER |

On February 12, 2014, plaintiff filed a motion for evidentiary sanctions or, in the alternative, to compel defendants' attendance at their depositions. ECF No. 92. The motion was noticed for hearing on March 5, 2013. *Id.*

Defendants have failed to respond to plaintiff's notices of deposition, and accordingly Local Rule 251(e) applies. *See* E.D. Cal. L.R. 251(e) (providing that the requirement that the parties file a Joint Statement re Discovery Disagreement does not apply "when there has been a complete and total failure to respond to a discovery request or order."). Under Local Rule 251(e), a responding party must file a response to the discovery motion at issue no later than seven days

1

before the hearing date, or in this instance by February 26, 2014.  The deadline has passed and defendants have failed to file any response to plaintiff's motion.  Therefore, defendants are not entitled to be heard on the motion, and the motion was submitted for decision without a hearing.

Here, there is no question that plaintiff is entitled to depose defendants.  Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2).").  Plaintiff served notices of deposition on defendants Smith and Winding on January 15, 2014.  ECF No. 92 at Exs. 2, 3.  The notices set defendant Smith's deposition for February 6, 2014, and defendant Winding's deposition for February 7, 2014.  *Id*.  However, neither defendant appeared at their noticed deposition.  *Id.* at 10 (Declaration of William Sexton ISO Mot. for Sanctions ¶ 6).  Defendants have not provided any valid excuse for their failure to appear for their depositions, since they failed to respond to the plaintiff's motion.

Plaintiff requests the imposition of evidentiary and monetary sanctions against defendants for their failure to appear.  Plaintiff seeks evidentiary sanctions in the form of an order precluding defendants' testimony at trial based on their failure to appear at their noticed depositions.  ECF No. 92 at 7-8.  Rule 37(d) provides that a court may order sanctions where a party "fails, after being served with proper notice, to appear for that person's deposition."  Fed. R. Civ. P. 37(d)(1)(A)(i).  Appropriate sanctions include prohibiting a disobeying party "from introducing designated matters in evidence."  Fed. R. Civ. P. 37(b)(2)(A)(ii).

While the court has discretion to impose an evidentiary sanction, *see* Fed. R. Civ. P. 37(d)(1) and (3), consideration of a less severe form of sanction is appropriate.  *See, e.g., R & R Sails Inc. v. Insurance Co. of Pennsylvania,* 637 F.3d 1240, 1247-48 (9th Cir. 2008).  The court finds that ordering defendants to appear for their depositions, on a date selected by plaintiff, is the more appropriate remedy coupled with monetary sanctions to compensate plaintiff for the attorney's fees and cost incurred by defendants' failure to appear at the previously-noticed deposition to be appropriate.  However, defendants are admonished that should they again fail to appear for their depositions, which are to be re-noticed by plaintiff, the court will not hesitate to impose further sanctions, including the exclusion of evidence at trial.  Further, defendants are

admonished that repeated violations of the Federal Rules of Civil procedure or this court's local rules, or court orders may result in terminating sanctions that would result in the dismissal of defendants' counterclaims and the entry of default judgments against defendants on plaintiff's complaint.  *See* E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *see also* E.D. Cal. L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); Fed. R. Civ. P. 37(d)(1) (providing that sanctions for a party's failure to attend his or her own deposition include designating certain facts be taken as established; prohibiting disobedient party from introducing evidence on designated matters, striking pleadings in whole or in part, dismissing the action in whole or in part, and rendering default judgment against disobedient party).

As noted, plaintiff has requested that defendants be required to pay the reasonable expenses of bringing the instant motion.  ECF No. 92 at 8-9.  That request is granted.  Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion unless the moving party failed to attempt in good faith to obtain the discovery or disclosures without court action, the non-disclosure was substantially justified, or the circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(A); *see also* Fed. R. Civ. P. 37(d)(1)(A) ("The court where the action is pending may, on motion, order sanctions if: . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition.").

Plaintiff's counsel, William Sexton, submitted a declaration in support of plaintiff's motion for sanctions or, in the alternative, motion to compel.  Mr. Sexton declares that both before and after the scheduled depositions, he attempted to contact defendants, via telephone and in writing, to arrange for mutually convenient dates to hold their depositions.  ECF No. 92 at 11. As for Smith, starting on January 31, 2014, Sexton repeatedly called the number listed on Smith's pleadings, but his calls were not answered and there was no mechanism to leave a message.  *Id.*

1 Sexton also called Winding on multiple occasions, with similar results. *Id*. This declaration
2 sufficiently shows that plaintiff made a good-faith attempt to resolve this dispute without court
3 action. Further, defendants have failed to justify their failure to appear for the deposition.
4 Accordingly, defendants shall reimburse plaintiff for the reasonable attorney's fees and costs
5 incurred in presenting this motion.

6 Sexton declares that he spent 6 hours preparing the instant motion and attempting to meet
7 and confer with defendants. *Id*. at 12. He further states that he has 20 years of experience in
8 business litigation, and that his hourly rate is $275. *Id*. The court finds that the number of hours
9 expended were reasonably necessary to prosecute this motion, and that the hourly rate billed is
10 reasonable and well within market rates for this district. Accordingly, defendants shall pay
11 plaintiff $1,650 for the reasonable expenses incurred in bringing its motion.

12 Lastly, plaintiff seeks to recoup the reasonable costs incurred in connection with the
13 depositions defendants failed to attend. Mr. Sexton declares that he spend 6 hours in travel time
14 and 4 hours appearing at the depositions. *Id*. He further states that he was required to travel to
15 Sacramento from Los Angeles, and that his travel expenses totaled $1,137.45 for airfare, hotel,
16 and a rental car. Mr. Sexton also states that his client incurred estimated expenses of $400 for
17 court reporters and $90 in connection with various FedEx transmissions, but that invoices for
18 these expenses are not yet available.

19 Rule 37 provides that when a party fails to attend its deposition, "the court must require
20 the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the
21 failure, unless the failure was substantially justified or other circumstances make an award of
22 expenses unjust." Fed. R. Civ. P. 37(d)(3). As stated above, defendants have not provided any
23 valid excuse for their failure to appear and plaintiff is entitled to reimbursement for the reasonable
24 expenses incurred for that failure to appear. However, as plaintiff does not yet have the invoices
25 for all of its expenses, plaintiff shall, within 14 days of the filing of this order, file an affidavit
26 detailing the actual expenses incurred.[1]

27
28 [1] Plaintiff shall also address whether it is entitled to recover attorney's fees for Mr. Saxton's travel time. Plaintiff has not provided evidence as to whether Los Angeles attorneys

1     According, it is hereby ORDERED that:

2     1. Plaintiff's motion for sanctions or, in the alternative, to compel defendants' appearance at depositions, ECF No. 92, is granted in part.

3     2. Plaintiff shall re-notice the depositions for defendants for a date selected by plaintiff.

4     3. Defendants are to appear at their deposition on the dates set by plaintiff.

5     4. The depositions are to take place no later than April 4, 2014.

6     5. Plaintiff is awarded the reasonable expenses incurred, including attorney's fees, for bringing this motion in the amount of $1,650.

7     6. Plaintiff entitled to its reasonable expenses incurred by defendants' failure to attend their noticed depositions.  Within 14 days of the date of this order, plaintiff shall file a declaration(s) from his counsel regarding the time and costs so incurred and address the standards of *Davis,* 976 F.2d at 1543 as to entitlement to travel time.

8     7. Defendants are admonished that failure to comply with this order and/or continued failure to comply with the Local Rules and/or the Federal Rules of Civil Procedure will result in the imposition of sanctions, including monetary sanctions, evidentiary sanctions, and/or striking defendants' answers and counterclaims.  *See* E.D. Cal. L.R. 110; Fed. R. Civ. P. 37(b)(2); Fed. R. Civ. P. 41(b).

DATED: March 7, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

customarily bill for travel time.  *See Davis v. City and County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992) (to recover attorney's fees for travel time, counsel must submit evidence establishing that it is customary for local attorneys to bill clients for travel time).