UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNC BANK, N.A., a National Association, as successor in interest to National City Bank,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BELINDA L. SMITH, in personam; JACOB WINDING, in personam; B & B DREAMIN', Hull No. GMKD283C505( the "Vessel"), its engines, machinery, appurtenances, etc., in rem,<br><br>　　　　　　Defendants. | No.  2:10-cv-1916-JAM-EFB PS<br><br><br>ORDER |

　　　　On March 6, 2014, findings and recommendations were issued recommending that PNC Bank's motion to dismiss Smith's counterclaim be granted and that the counterclaim be dismissed with leave to amend.  That recommendation is currently before the assigned district judge.  On March 20, 2014, defendant Winding filed a notification of bankruptcy, indicating that he filed a voluntary Chapter 13 bankruptcy petition on January 21, 2014.  ECF No. 97.  On March 20, 2014, defendant Smith also submitted a pleading notifying the court of the bankruptcy petition filed by Winding.  ECF No. 98.  Smith argues that the instant case is now automatically stayed in its entirety as a result of Winding filing his bankruptcy petition.  *Id*.  Plaintiff PNC Bank has filed responses to both of the defendants' filings.  ECF Nos. 99, 100.  PNC Bank argues that, with rare exceptions, the automatic stay protects only the debtor, the debtor's estate and some property of

1

the debtor and does not prohibit the debtor's creditors from pursuing actions against non-debtors, even ones closely related to the debtor.  ECF No. 100 at 2.

Pursuant to 11 U.S.C. § 362, the filing of the bankruptcy petition operates as an automatic stay of this action against defendant Winding.  *See* 11 U.S.C. § 901(a).  However, § 362 does not automatically stay this action as to the other, non-bankrupt defendant, Smith.  *See Ingersoll-Rand Financial Corp. v. Miller Mining Co. Inc.*, 817 F.2d 1424, 1427 (9th Cir. 1987) ("In the absence of special circumstances, stays pursuant to section 362(a) are limited to debtors and do not include non-bankrupt co-defendants."); *Parker v. Bain*, 68 F.3d 1131, 1137 (9th Cir. 1995) ("All proceedings in a single case are not lumped together for purposes of automatic stay analysis.  Even if the first claim filed in a case was originally brought against the debtor, section 362 does not necessarily stay all other claims in the case.  Within a single case, some actions may be stayed, others not.  Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay.") (quoting *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204–05 (3d Cir. 1995)).

Nonetheless, the court does have the authority to stay the entire action.  *See Zurich Amer. Ins. Co. v. Trans Cal Associates*, 2011 WL 6329959, at *2–3 (E.D. Cal. Dec. 16, 2011) (explaining the "unusual circumstances" exception and ultimately staying the action as to non-bankrupt co-defendants pursuant to the court's inherent authority).  "The courts have carved out limited exceptions [to the general rule that stays pursuant to § 362(a) are limited to debtors and do not include non-bankrupt co-defendants] where: (1) 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor,' or (2) extending the stay against codefendants 'contributes to the debtor's efforts of rehabilitation.'"  *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 n. 3 (9th Cir. 1993) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *Matter of S.I. Acquisition*, 817 F.2d 1142, 1147 (5th Cir. 1987)) (citations omitted); *see Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) (staying the proceedings against not only the debtor

1  individual defendant, but also the non-debtor corporation co-defendant that was wholly owned by
2  him because the "claim against the non-debtor will have an immediate adverse economic
3  consequence for the debtor's estate"). "If the 'unusual circumstances' exception applies,
4  however, the weight of authority holds that it is the bankruptcy court that must extend the
5  automatic stay, not this court." *Zurich Amer. Ins. Co.*, 2011 WL 6329959, at *2 (citing *Placido v.
6  Prudential Ins. Co. of Am.*, 2010 WL 334744, at *1 (N.D. Cal. Jan. 22, 2010) (relying on *Boucher
7  v. Shaw*, 572 F.3d 1087, 1093 n. 3 (9th Cir. 2009)); *Alvarez v. Bateson*, 176 Md. App. 136, 932
8  A.2d 815, 821 (Md. Ct. Spec. App. 2007) ("[T]he weight of authority holds that, in order for an
9  automatic stay pursuant to section 362 to be applied to a non-bankrupt co-defendant, the debtor
10 must request and obtain a stay from the bankruptcy court where the current action is pending.")).

11 Here, Smith has not shown grounds for a stay pursuant to the "unusual circumstances"
12 authority discussed above. Nevertheless, a "trial court may, with propriety, find it is efficient for
13 its own docket and the fairest course for the parties to enter a stay of an action before it, pending
14 resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v.
15 Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). Here, the parties' various claims and
16 counterclaims all involve the same underlying facts and the same res in the in rem claims. *See*
17 ECF Nos. 56, 94. Staying the case as to only Winding could result in two separate trials
18 involving the same factual disputes and the same property, thereby wasting already strained
19 judicial resources. Therefore, the court will stay this action in its entirety under its inherent
20 authority since doing so would be efficient for the court. *See Zurich Amer. Ins. Co.*, 2011 WL
21 6329959, at *3–4.

22 Winding has also requested that the court vacate all order filed in this case since the
23 January 21, 2014 bankruptcy filing. PNC Bank's opposition notes that it has filed a motion in the
24 Bankruptcy Court for relief from the automatic stay and has raised the issue of whether the
25 bankruptcy petition was filed in bad faith of for purposes of delay. PNC Bank is also seeking an
26 "Annulment of Stay." ECF No. 99 at 2. In light of those proceedings in the Bankruptcy Court,
27 Winding's motion to vacate is denied without prejudice.
28 /////

Accordingly, it is hereby ORDERED that:

1. This action is stayed pending resolution of defendant Winding's bankruptcy petition, case number 14-20533, filed January 21, 2014, in the United States Bankruptcy Court for the Eastern District of California.

2. Upon termination of defendant Winding's bankruptcy proceeding or an order granting relief from the automatic stay, the court shall resume consideration of plaintiff's motion to dismiss.

3. The parties shall notify the court within fourteen days of the resolution of the bankruptcy proceedings.

4. In the interim, the Clerk of Court shall administratively terminate this case.

5. Winding's motion to vacate orders (ECF No. 97) is denied without prejudice.

DATED: March 31, 2014.

                         EDMUND F. BRENNAN
                         UNITED STATES MAGISTRATE JUDGE