1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNC BANK, N.A., a National Association, as successor in interest to National City Bank, | No. 2:10-cv-1916-JAM-EFB PS |
| Plaintiff, | ORDER |
| v. | |
| BELINDA L. SMITH, in personam; JACOB WINDING, in personam; B & B Dreamin' Hull No. GKMD283C505 (the "Vessel"), its engines, machinery, appurtenances, etc., in rem, | |
| Defendants. | |

On July 7, 2014, plaintiff filed a motion to dismiss defendant Smith's second amended counterclaim. ECF No. 142. The motion was originally noticed for hearing on August 20, 2014, *id.*, but the hearing was subsequently continued to September 24, 2014. ECF No. 146. Pursuant to the court's local rules, defendant Smith was required to file an opposition or statement of non-opposition no later than fourteen days preceding the hearing date or, in this instance, by September 10, 2014. *See* E.D. Cal. L.R. 230(c).

Defendant Smith failed to file an opposition or a statement of non-opposition to the pending motion by that date. Therefore, the hearing on plaintiff's motion to dismiss was continued to October 15, 2014, and defendant Smith was ordered to show cause, in writing, no

1

later than October 1, 2014, why sanction should not be imposed for her failure to timely file an opposition or a statement of non-opposition to the pending motion. ECF No. 149. Defendant Smith was also ordered to file an opposition or a statement of non-opposition by October 1, 2014, and admonished that failure to file an opposition would be deemed a statement of non-opposition to plaintiff's motion to dismiss. *Id*.

On October 1, 2014, instead of filing an opposition, Smith filed a declaration requesting that the court continue the hearing on plaintiff's motion to dismiss for 120 days to allow her an opportunity to obtain counsel. ECF No. 150 at 1. She claims that she needs time to obtain counsel in light of a consent order issued by the Comptroller of the United States Department of the Treasury, which she submitted with her declaration. However, the consent order cited by plaintiff has no relevance to the instant dispute. That consent order deals with plaintiff's banking practice relating to mortgage servicing and its handling of foreclosure proceedings. Second, this action was commenced more than four years ago. Defendant Smith has had ample time to obtain legal representations, but has declined to do so. Accordingly, the court finds no reason to further delay this case.

However, given Smith's pro se status, she will be given one final opportunity to file an opposition to plaintiff's motion to dismiss her counterclaim. Smith will also be given an additional time to show cause why sanctions should not be imposed for her failure to file an opposition or statement of non-opposition to plaintiff's motion by October 1, 2014.

Accordingly, it is hereby ORDERED that:

1. The hearing on plaintiff's motion for dismiss, ECF No. 142, is continued to November 12, 2014.

2. Defendant Smith shall show cause, in writing, no later than October 29, 2014, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

3. Defendant Smith shall file an opposition to the motion, or a statement of non-opposition thereto, no later than October 29, 2014.

/////

      4.  Failure of defendant Smith to file an opposition to the motion will be deemed a statement of non-opposition thereto, and may result in a recommendation that her second amended counterclaim be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules.  *See* Fed. R. Civ. P. 41(b).

      5.  Plaintiff may file a reply to defendant Smith's opposition, if any, on or before November 5, 2014.

DATED:  October 9, 2014.

                                EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE