UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNC BANK, N.A., a National Association, as successor in interest to National City Bank,<br><br>Plaintiff,<br><br>v.<br><br>BELINDA L. SMITH, In Personam; JACOB WINDING, In Personam; B&B DREAMIN', Hull No. GMKD283C505, its engines, machinery, appurtenances, etc. In Rem,<br><br>Defendants.<br><br>AND RELATED COUNTER CLAIMS. | Case No. 2:10-cv-01916 JAM-EFB<br><br>ORDER DIRECTING UNITED STATES MARSHAL TO SELL VESSEL VIA JUDICIAL SALE PROCEDURES |

On June 12, 2015, Plaintiff PNC BANK, N.A., a National Association ("PNC" or "Plaintiff") filed a motion for an order directing the United States Marshal to Sell Vessel via Judicial Sale Procedures ("Motion"). The Motion made the following recitals:

A.   On or about July 20, 2010, the Complaint herein was filed praying that Defendant Vessel B & B DREAMIN', Hull No. RGMKD283C505, her engines, tackle, accessories, equipment,

1

furnishings and appurtenances (collectively "the Vessel") and all other necessaries thereunder appertaining and belonging, be condemned and sold to pay Plaintiff's demands and claims and for other proper relief. [ECF 1.]

B.  On or about September 10, 2010, the Clerk of this Court issued a Warrant for Arrest of the Vessel commanding the United States Marshal for this District to arrest and take into custody the Defendant Vessel and to detain the same in his custody until further order of this Court respecting same. [ECF 11-1.]

C.  On or about October 6, 2010, the Court issued its Order Appointing Substitute Custodian and Authorizing Movement and Inspection of Vessel entitling National Maritime Services, Inc. ("Substitute Custodian") to assume the responsibility for safekeeping the said Vessel to act as her substitute custodian until further order of this Court. [ECF 13.] The Vessel is presently located at Delta Boat Works, 106 W. Brannan Island Road, Isleton, CA 95641 ("Delta Boat Works").

D.  It later developed that the United States Marshal for the Eastern District of California ("U.S. Marshal") declined to arrest the Vessel on the ground that the Vessel is already in possession of the Substitute Custodian.

E.  On or about March 30, 2011, the Court issued its Revised Order Deeming Vessel Arrested" and confirming the appointment of National Maritime Services, Inc. as substitute custodian. [ECF 19.]

F.  On or about May 14, 2015, the Court issued an Order adopting the findings and recommendations of the United States Magistrate with respect to, among other things, judicial foreclosure of the Vessel, and directed Plaintiff PNC to file

additional papers seeking approval of the judicial sale mechanics within 30 days. [ECF 161.]

G. On May 21, 2015, upon being contacted by counsel for PNC, the U.S. Marshal indicated, relative to judicial sale of the Vessel, or preliminary approval of sale mechanics, that it believed that the U.S. Marshall never arrested the Vessel, does not have custody of the Vessel, and therefore has no basis to proceed.

H. Under Fed. R. Civ. Pro. Supplemental Rule E(9)(b), the U.S. Marshal has sole authority to conduct the judicial foreclosure sale ordered by the Court. The cooperation of the U.S. Marshal is therefore essential to complete the contemplated judicial foreclosure sale previously ordered by the Court, including pre-sale approvals and post-sale confirmations, as necessary.

Accordingly, GOOD CAUSE APPEARING, the Motion is GRANTED, and it is ORDERED as follows:

1. The Court reiterates and confirms that, per prior order of the Court [ECF 19], the Vessel is deemed arrested by the U.S. Marshal and is under the present authority of the U.S. Marshal, notwithstanding the fact that the U.S. Marshal did not actually arrest the Vessel.

2. The U.S. Marshal accordingly has immediate authority and obligation to take all appropriate action with regard to completion of the judicial sale of the Vessel, to include appropriate Court approvals, notices, sale, sale confirmation and remittance of sale proceeds, as required by law.

3. The U.S. Marshal shall exercise such authority so as to give effect to this Court's existing orders with respect to the Vessel [ECF 19, ECF 161], as required by 28 U.S. C. § 566.

Plaintiff PNC Bank shall post the customary deposit required by the U.S. Marshal.

4. The U.S. Marshal may take physical custody of the Vessel, and/or move the Vessel from its present location at Delta Boat Works, to the extent necessary or convenient to facilitate the completion of the judicial sale.

5. The U.S. Marshal and Plaintiff PNC Bank, via its counsel of record herein are directed to cooperate with each other so as to permit Plaintiff PNC Bank to obtain necessary Court approval of notice and sale mechanics, as required by Local Rule 580 and Court's Order of May 14, 2015 [ECF 161].

IT IS FURTHER ORDERED that the Clerk of this Court deliver three (3) certified copies of this order to the United States Marshal forthwith.

IT IS SO ORDERED.

Dated: August 11, 2015.

John A. Mendez
United States District Judge